DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 2009-54 |
| | ) | Civil No. 2011-112 |
| JAHMAL A. TODMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

ATTORNEYS:

**Ronald Sharpe, United States Attorney**
**Ishmael Meyers, Jr., AUSA**
**St. Clair Theodore, AUSA**
United States Attorney's Office
St. Thomas, VI
    *For the United States,*

**Jahmal A. Todman**
U.S.P. Atlanta, Georgia
    *Pro se defendant.*

## ORDER

**GÓMEZ, J.**

Before the Court are the motions of Jahmal A. Todman ("Todman") to vacate his sentence pursuant to 28 U.S.C. § 2255 (the "2255 Motion") and for a writ of mandamus compelling this Court to rule on his 2255 Motion (the "Mandamus Motion").

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 23, 2009, on St. John, U.S. Virgin Islands, within 1000 feet of Julius Sprauve School, Jahmal A. Todman approached four individuals who were leaving a bar. Todman

*United States v. Todman*
Crim. No. 09-54
Civil No. 11-112
Order
Page 2

pointed a pistol at the four individuals and demanded money and cellular phones from them.  When the four individuals at first did not comply, Todman struck one of the individuals in the head with the firearm.  Thereafter, Todman received forty dollars from the individuals and attempted to leave the scene.  The four victims caught up to him and a struggle ensued. The four individuals managed to disarm, subdue, and hold Todman until police arrived.

On October 1, 2009 the Grand Jury returned an indictment against Todman.  The indictment charged Todman with seventeen counts.  Count One charged possession of a firearm in a school zone, in violation of Title 18, United States Code, Sections 922(q)(2)(A) and 924(a)(4). Counts Two, Six and Ten charged first degree robbery, in violation of Title 14, Virgin Islands Code, Sections 1861 and 1862(2). Counts Three and Fifteen charged use of a firearm during the commission of a robbery, in violation of Title 14, Virgin Islands Code, Section 2253(a). Counts Four, Eight, Twelve and Sixteen charged first degree assault, in violation of Title 14, Virgin Islands Code, Section 295(3). Counts Five, Nine, Thirteen and Seventeen charged the use of a firearm during the commission of an assault, in violation of Title 14, Virgin Islands Code, Section 2253(a). Counts Seven and Eleven charged the use of a firearm during the commission of an attempted robbery, in violation

*United States v. Todman*
Crim. No. 09-54
Civil No. 11-112
Order
Page 3

of Title 14, Virgin Islands Code, Section 2253(a). Count Fourteen charged attempted first degree robbery, in violation of Title 14, Virgin Islands Code, Sections 1861, 1862(1) and 331.

On November 18, 2009, Todman entered a plea of guilty on Count One, possession of a firearm in a school zone in violation of federal law, and Count Four, first degree assault in violation of local law. The Court entered a judgment and commitment order as to Count Four on March 25, 2010, and a judgment and commitment order as to Count One on March 26, 2010. Todman was sentenced to 60 months imprisonment on Count One and 15 years imprisonment on Count Four.  The sentences were to be served consecutively with the federal sentence being served first.

Todman appealed his sentence to the Third Circuit.  The Third Circuit held that Todman had waived his right to appeal his sentence pursuant to the terms of his plea agreement. *United States v. Todman*, 404 F. App'x 645, 647 (3d Cir. 2010)("[W]e find that Todman voluntarily and knowingly waived his right to appeal his sentence and enforcement of the waiver does not create a miscarriage of justice in this case . . . .")

Thereafter, on October 18, 2011, Todman filed a motion pursuant to 28 U.S.C. § 2255. In his 2255 Motion, Todman alleges that the Court lacked jurisdiction to adjudicate his guilt as to

*United States v. Todman*
Crim. No. 09-54
Civil No. 11-112
Order
Page 4

the local count (Count Four).  Todman also claims that he received ineffective assistance of counsel, because his counsel failed to raise the jurisdictional argument.  The Government opposes the motion.

While the 2255 Motion was pending, Todman filed a petition which seeks a writ of mandamus from this Court to require this Court to rule on the pending 2255 Motion.

## II. <u>DISCUSSION</u>

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 allows petitioners to collaterally attack their sentence by moving "the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The remedy is intended only where "the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks omitted); *see also United States v. Addonizio*, 442 U.S. 178, 184 (1979) (explaining "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment").

*United States v. Todman*
Crim. No. 09-54
Civil No. 11-112
Order
Page 5

In order to prevail on a section 2255 motion, a petitioner must show one of the following: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If the court finds any of these grounds, the court must vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. *Id*. § 2255(b).

A section 2255 petition is not a substitute for an appeal. *Hodge v. United States*, 554 F.3d 372, 379 (3d Cir. 2009). Thus, the general rule is that a petitioner procedurally defaults on a claim if he "neglected to raise [it] on direct appeal." *Id*. (citation omitted); *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see, e.g., Bousley v. United States*, 523 U.S. 614, 622 (finding that a guilty plea could not be attacked as involuntary during habeas review because it is the type of claim that can be fully and completely addressed on direct review). Certain claims are generally not heard on direct appeal. For instance, a claim of ineffective assistance of counsel is properly raised under section 2255 rather than on direct appeal. *See Massaro*, 538 U.S. at 504 (explaining it is "preferable" that such claims be considered on collateral review where the record for such claims

may be properly developed); *accord United States v. Garcia*, 2013 U.S. App. LEXIS 5386, at *4 (3d Cir. Mar. 19, 2013) ("It is well-settled that this Court ordinarily does not review claims of ineffective assistance of counsel on direct appeal.") (citing *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003)).

Moreover, a section 2255 petition may not "be used to relitigate matters decided adversely on appeal." *Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074-75 (3d Cir. 1985) (citation omitted).

A court may dismiss a section 2255 motion without holding a hearing where the record shows conclusively that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994). A petitioner's *pro se* pleading is construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013).

## III. ANALYSIS

Todman alleges that the Court lacked jurisdiction over the local count, Count IV, and that therefore the Court's sentence on that count should be vacated. The jurisdiction of this Court is defined by the Revised Organic Act of 1954, which states:

> The District Court of the Virgin Islands shall
> have concurrent jurisdiction with the courts of
> the Virgin Islands established by local law over

*United States v. Todman*
Crim. No. 09-54
Civil No. 11-112
Order
Page 7

> those offenses against the criminal laws of the
> Virgin Islands, whether felonies or misdemeanors
> or both, which are of the same or similar
> character or part of, or based on, the same act
> or transaction or two or more acts or
> transactions connected together or constituting
> part of a common scheme or plan, if such act or
> transaction or acts or transactions also
> constitutes or constitute an offense or offenses
> against one or more of the statutes over which
> the District Court of the Virgin Islands has
> jurisdiction pursuant to subsections (a) and (b)
> of this section.

48 U.S.C. § 1612(c).  Subsection (a) vests the Court with the

jurisdiction of a "District Court of the United States." 48

U.S.C. § 1612(a).  District Courts of the United States have

original jurisdiction over all offenses against the laws of the

United States. 18 U.S.C. § 3231.

The local crime to which Todman pled in this matter came

from the same act or series of acts as the federal crime to

which he pled guilty.  That is, both charges originated from

Todman's brandishing of a firearm within 1000 miles of a school

at four individuals.  As such, both the federal and local

offense fall within the Court's jurisdiction under the Revised

Organic Act. *See* 48 U.S.C. § 1612.

Todman also alleges that he did not receive effective

assistance of counsel.  To prevail on a claim for ineffective

assistance of counsel, a defendant must show: (1) that

performance was deficient; and (2) that counsel's deficient

*United States v. Todman*
Crim. No. 09-54
Civil No. 11-112
Order
Page 8

performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687.  The only "error" alleged in Todman's 2255 Motion is that his counsel failed to argue the jurisdictional issue.  However, as there was no meritorious argument to make as to this Court's jurisdiction over the counts to which Todman pled, failing to argue jurisdiction did not constitute deficient performance.

The premises considered, it is hereby

**ORDERED** that Todman's motion to vacate pursuant to 28 U.S.C. § 2255 is **DENIED**; it is further

**ORDERED** that Todman's Mandamus Motion is **MOOT**; and it is further

**ORDERED** that the Clerk of Court shall close the associated civil case, Civil No. 2011-112.


S\_____
     **CURTIS V. GÓMEZ**
     **District Judge**